**FILED**
CLERK, U.S. DISTRICT COURT

3/20/2017

CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_bm\_\_\_\_ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF<br><br>ROXANA CAROLINA DURAN-REYES,<br> aka "Roxana Carolina Duram-Reyes,"<br>"Roxana Carolina Duram,"<br>"Roxana Carolina Reyes,"<br>"Roxana Carolina Duran,"<br>"Roxana Carolina Argueta,"<br>"Roxana Carolina Carallero,"<br><br>A Fugitive from the Government of the Republic of Colombia. | Case No. CV 16-4759-GW (JPR)<br><br>CERTIFICATION OF EXTRADITABILITY AND ORDER RE BAIL |

The Court has received a Complaint filed by the U.S. Attorney's Office for the Central District of California, acting on behalf of the Government of the Republic of Colombia, requesting extradition of Roxana Carolina Duran-Reyes. The Court is also in receipt of a formal request for extradition, including supporting documentation submitted by the Government of the Republic of Colombia. The parties have submitted various memoranda relating to the extradition, which the Court has read and considered. On January 10 and March 7, 2017, the Court conducted an extradition hearing, at which Duran-Reyes appeared with counsel. The Court has carefully reviewed the evidence

presented and finds as follows:

1. The undersigned judicial officer is authorized under 18 U.S.C. § 3184 and General Order 05-07 to conduct an extradition hearing.

2. The undersigned judicial officer and the U.S. District Court for the Central District of California have personal jurisdiction over Duran-Reyes and subject-matter jurisdiction over the case, as Duran-Reyes was arrested in this district. See § 3184.

3. An extradition treaty between the United States and the Republic of Colombia is currently in force, specifically, the Extradition Treaty signed September 14, 1979, and which took effect March 4, 1982. (See Extradition Req., Redacted Exs. vol. 1 at 10.)[1]

4. Duran-Reyes is the subject of an April 25, 2011 arrest warrant issued by the First Court of Enforcement of Sentences and Security Measures of Palmira Valle, based on her March 8, 2011 resentencing for her conviction for violating Article 274 of the Colombian Criminal Code, trafficking in counterfeit currency. (Id. vol. 2 at 30, 37-38.)

5. The conviction on which Duran-Reyes is wanted and as to which extradition is sought constitutes an extraditable offense under the treaty. Specifically, article 2 of the treaty provides that "when the request for extradition relates to a person who has been convicted and sentenced, extradition shall be granted only if the duration of the penalty still to be served amounts to

---

[1] The Court uses the pagination provided by its Case Management/Electronic Case Filing system.

at least six months." (Id. vol. 1 at 11-12.) As explained below, that is the case here.

6. Duran-Reyes has not contested that sufficient evidence has been presented to establish probable cause to believe that she committed the crime of which she was convicted, and the Court so finds. Rather, she contends that extradition is not permissible because (1) she was allegedly not informed of the government's appeal of her sentence and was not present for it or the resentencing and (2) extraditing someone for a resentencing is not contemplated by the treaty.

7. The Court rejects both arguments.

   a. First, Duran-Reyes presented no evidence, not even her own sworn declaration, that she had no notice of the government's appeal and that she allegedly wasn't represented by counsel during those proceedings, including the resentencing. Further, even if those facts are true, they are matters for the Secretary of State to consider in deciding whether to extradite, not for this Court to take into account. See, e.g., Gallina v. Fraser, 278 F.2d 77, 78-79 (2d Cir. 1960) (allowing extradition of person convicted in absentia and stating that fugitive's concerns about due process in requesting nation were for Secretary of State to consider); see also Kamrin v. United States, 725 F.2d 1225, 1228 (9th Cir. 1984) ("[I]t has long been settled that United States due process rights cannot be extended extraterritorially.").

   b. Second, the treaty applies "if the convicted person has been sentenced," which is the case with Duran-Reyes. (Extradition Req., Redacted Exs., vol. 1 at 14.) The treaty

nowhere bars extradition of people who have also been resentenced.  Thus, Duran-Reyes is among those the treaty is meant to cover.  She was originally sentenced to a 48-month suspended prison term and was resentenced in April 2011 to 55 months in custody (see id., vol. 2 at 28, 35), so at the time her extradition was requested in 2012 she had more than six months left to serve of her sentence.

    8.   Based on the foregoing findings, the Court concludes that Duran-Reyes is extraditable on the counterfeiting conviction and resentencing; the Court hereby certifies this finding to the Secretary of State as required under 18 U.S.C. § 3184.

    IT IS THEREFORE ORDERED that the Clerk of the Court deliver forthwith to the Assistant U.S. Attorney a certified copy of this Certification of Extraditability and Order re Bail and forward without delay certified copies of the same to the Secretary of State (to the attention of the Office of the Legal Adviser) and the Director, Office of International Affairs, Criminal Division, U.S. Department of Justice, in Washington, D.C., for appropriate disposition.

    IT IS FURTHER ORDERED that Duran-Reyes be committed to the custody of the U.S. Marshal for the Central District of California pending final disposition of this matter by the Secretary of State and arrival of agents of the requesting state unless within 30 days of the date of this Order she files a Petition for Writ of Habeas Corpus challenging the Court's certification of extradition.  If she does not do so, she must surrender to the U.S. Marshal no later than noon on the 30th day after the date of this Order.  If she does file a habeas petition

within the 30 days, she is to remain free on bond under the same terms and conditions as previously imposed until the Court orders otherwise.  See Salerno v. United States, 878 F.2d 317, 317 (9th Cir. 1989) (applying special-circumstances bail test in extradition case in which fugitive appealed denial of habeas petition certifying extradition).

Should this Order not be challenged through a habeas petition or should the District Judge deny any such petition, Duran-Reyes, together with any evidence seized incidental to her arrest, must be duly transferred to the custody of agents of the requesting state at such time and place as mutually agreed upon by the U.S. Marshal and the duly authorized representatives of the Government of the Republic of Colombia, to be transported to the Republic of Colombia.

IT IS SO FOUND AND ORDERED this 20th day of March, 2017.

_____
HON. JEAN P. ROSENBLUTH
U.S. Magistrate Judge